ACCEPTED
05-13-01505-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
1/8/2015 8:34:28 PM
LISA MATZ
CLERK

NO. 05-13-01505-CV

| | |
|---|---|
| **IN THE COURT OF APPEALS**<br>**FOR THE FIFTH DISTRICT OF TEXAS**<br>**AT DALLAS** | FILED IN<br>5th COURT OF APPEALS<br>DALLAS, TEXAS<br>1/8/2015 8:34:28 PM<br>LISA MATZ<br>Clerk |

DALLAS NATIONAL     §
INSURANCE COMPANY     §
        *Appellant,*     §
    §
v.     §
    §
CALITEX CORP.,     §
ELSHIR ENTERPRISES, L.P.     §
and THOMAS L.P.     §
        *Appellees.*     §

## <u>APPELLEE'S MOTION TO DISMISS APPEAL</u>

TO THE HONORABLE JUSTICES OF THE SAID COURT:

COMES NOW CALITEX CORP., ELSHIR ENTERPRISES, L.P. AND THOMAS L.P. filing this Motion to Dismiss Appeal and as grounds therefore would show this Court the following:

The Appellees seek the extraordinary relief of dismissal of the instant appeal filed by Dallas National Insurance Company due to extraordinary circumstances. The Appellant, Dallas National Insurance Company, has been ordered to liquidate by the Delaware Department of Insurance.

The Court Appointed Receiver, The Insurance Commissioner of Delaware, has apparently unilaterally redeemed a certificate of deposit (CD) that was deposited with the Dallas County Clerk in Lieu of a Supercedeas Bond suspending enforcement of the judgment subject to this appeal.

On December 9, 2014 Counsel for Appellee learned that the certificate of deposit was not on file with the Trust Department of the District Clerk's Office. Upon further research, and on information and belief, the certificate was redeemed and withdrawn from North Dallas Bank & Trust after the maturity date. The Receiver is apparently taking the position that Certificate of Deposit is an asset of the liquidating estate.

The Appellant's withdrawal of the funds previously placed in trust with the Dallas County Clerk's office thwarts the purpose and spirit of the appeal bond requirement under Texas Rule of Appellate Procedure 24. The Appellee's have clearly been harmed and prejudiced by the acts of the Appellant because without posting the bond, Appellees had an unequivocal right as of October 1, 2014 to enforce and collect the judgment. Instead, Appellant caused Appellees to suspend collection of the judgment because Appellant, through counsel, represented to the trial court that CD has been "deposited with the clerk of the court in the amount of $812,861.34 in accordance with TRAP 24."

Appellees want to file a motion for contempt in the trial court for Dallas National's counsel to show cause as to location of the proceeds that were purportedly deposited in trust with the clerk of the court and other reasonable relief.

In addition to the relief sought in the trial court to determine the whereabouts of the funds that were purportedly deposited in the clerk's office, Appellees seek the extraordinary relief of dismissal of the instant appeal in an effort to mitigate further irreparable harm to the Appellees. The Appellees should – at a minimum -- have the immediate right to petition the Chancery Court of Delaware or the Receiver for payment of the Final Judgment subject to this appeal. There is no other relief sufficient under the circumstances to redress the clear miscarriage of justice that has been carried out by the Appellant.

WHEREFORE, PREMISES CONSIDERED, Appellees request that the Court exercise its discretion to dismiss the instant appeal and for such other and further relief to which the Appellee's may show themselves justly entitled.

Respectfully Submitted,

THE ROBERTS LAW FIRM

*/s/ Sean A. Roberts*

_____

Sean A. Roberts
State Bar No. 00797328
THE LUSK HOUSE
2555 N. MacGregor Way, Suite 200
Houston, Texas 77004
(713) 630-0900
(713) 630-0991 (fax)
sr@therobertsfirm.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of Appellees' Motion to Dismiss Appeal was served on opposing counsel in accordance with the Texas Rules of Civil Procedure on the 8th day of January, 2015.

*/s/Sean A. Roberts*

_____

Sean A. Roberts